46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Courtney Hugh WALKER, a/k/a Gary Walker, Defendant-Appellant.
 No. 94-5570.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1995.
Decided Feb. 10, 1995.
 
 Elizabeth Horton, Wilson & Iseman, L.L.P., Winston-Salem, NC, for appellant.
 Walter C. Holton, Jr., U.S. Atty., Douglas Cannon, Asst. U.S. Atty., Greensboro, NC, for appellee.
 Before WILKINS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Gary Walker was convicted by a jury of conspiracy to possess with intent to distribute more than fifty grams of crack cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994), and of possession of 271.9 grams of crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994). He appeals his sentence of 152 months, alleging that the district court erred in failing to recognize its authority to depart below the guideline range on the ground he urged. We dismiss.
 
 
 2
 Walker informed the district court at sentencing that he had decided to reject the government's plea offer and go to trial because of advice he received, not from his court-appointed attorney, but from another lawyer with whom he conferred unbeknownst to his court-appointed attorney. Walker requested a downward departure because the second attorney's alleged advice--and his own consequent refusal to plead guilty--cost him a possible substantial assistance departure and a possible reduction for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Secs. 5K1.1, 3E1.1 (Nov.1993).
 
 
 3
 The district court determined that the events described by Walker did not justify a departure, but decided that, assuming it had the authority to depart, it would elect not to depart. When the district court exercises its discretion not to depart, its decision is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). Here, the court clearly exercised its discretion not to depart in the event a departure was possible. We will not review that decision.
 
 
 4
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 DISMISSED.